**WO**                                                                                                    BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikolai Nikolov, | No. CV 05-3810-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, | |
| Defendant. | |

Plaintiff Nikolai Nikolov, currently confined in the Maricopa County Durango Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order Defendant Arpaio to answer the Complaint.

**A.      Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1  account. These payments will be forwarded by the appropriate agency to the Clerk of Court
2  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
3  28 U.S.C. § 1915(b)(2).

4  Plaintiff should take notice that if he is released before the filing fee is paid in full, he
5  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
6  release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
7  his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
8  he is unable to pay the remainder of the filing fee.

9  **B.    Statutory Screening of Prisoner Complaints.**

10  The Court is required to screen complaints brought by prisoners seeking relief against
11  a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
12  § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
13  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
14  may be granted, or that seek monetary relief from a defendant who is immune from such
15  relief. 28 U.S.C. § 1915A(b)(1),(2).

16  **C.    Complaint.**

17  Plaintiff names as a Defendant Joe Arpaio, Sheriff of Maricopa County, alleging that
18  he is responsible for hiring and training personnel in regards to procedures. Plaintiff argues
19  that his constitutional rights were violated by (1) the presence of asbestos and lead paint in
20  the building, which was condemned, (2) an inadequate, tainted, and non-nutritious diet due
21  to the serving of spoiled and rotten food, insufficient caloric intake, improper food storage
22  and preparation, and the lack of screening of food handlers, resulting in exposure to
23  communicable diseases, stomachaches, diarrhea, weight loss, vomiting, and insomnia, and
24  (3) unsanitary conditions due to insufficient facilities, the failure to provide clean bedding,
25  and the presence of mice, resulting in exposure to diseases, staph infections, rashes, ring
26  worms, and bug and spider bites. Plaintiff seeks monetary and other relief.

27
28

1 **D.  Failure to State a Claim.**

2 *1.  Hart v. Hill*

3 Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-
4 EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended
5 Judgment in that action.  Jurisdiction to enforce the judgment is retained by the court which
6 entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action
7 is not the proper means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980,
8 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,
9 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.
10 1986).  Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim
11 for damages because such orders do not create "rights, privileges, or immunities secured by
12 the Constitution and laws."  Green, 788 F.3d at 1123-24.  Remedial decrees are the means
13 by which unconstitutional conditions are corrected but they do not create or enlarge
14 constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his
15 claim is not properly brought in this action.

16 *2.  Count I*

17 In Count I, Plaintiff alleges that he is forced to live in a condemned building that
18 contains asbestos and lead paint.  However, Plaintiff's bare allegations that the jail is
19 condemned is unsupported.  Further, Plaintiff does not allege that he actually came into
20 contact with any asbestos materials or inhaled asbestos dust or fibers.  See 16 C.F.R. 1304.4
21 (the Consumer Product Safety Commission banned as hazardous products containing
22 intentionally-added, respirable free-form asbestos "[o]n the basis that *airborne asbestos*
23 *fibers* present the hazards of cancer, including lung cancer and mesothelioma" (emphasis
24 added)).  Finally, Plaintiff has not alleged an injury as a result of the lead paint.  Accordingly,
25 Plaintiff fails to sufficiently allege that his constitutional rights were violated as to Count I.
26 Thus, this Count will be dismissed without prejudice.

27 **E.  Claims For Which An Answer Will be Required.**

28 At this early stage, Plaintiff sufficiently alleges that his constitutional rights were

TERMPSREF

- 3 -

1  violated by (1) an inadequate, tainted, and non-nutritious diet, and (2) unsanitary conditions.
2  Defendant Arpaio will be ordered to answer these claims.

3  **F.     Warning of Possible Dismissal Pursuant to Rule 41.**

4       Plaintiff should take notice that if he fails to timely comply with every provision of
5  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
6  41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
7  61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
8  the Court).

9  **T IS THEREFORE ORDERED that:**

10      (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted
11 pursuant to 28 U.S.C. § 1915(a)(1).

12      (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
13 Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in
14 accordance with this Court's Order to the appropriate government agency filed concurrently
15 herewith.

16      (3) Count I is dismissed without prejudice.

17      (4) Defendant Arpaio is ordered to answer Counts II and III.

18      (5) The Clerk of Court shall send Plaintiff a service packet including the Complaint
19 (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

20      (6) Plaintiff shall complete and return the service packet to the Clerk of Court within
21 20 days of the date of filing of this Order. The United States Marshal will not provide
22 service of process if Plaintiff fails to comply with this Order.

23      (7) If Plaintiff does not either obtain a waiver of service of the summons or complete
24 service of the Summons and Complaint on the Defendant within 120 days of the filing of the
25 complaint or within 60 days of the filing of this Order, whichever is later, the action may be
26 dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
27 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

28      (8) The United States Marshal shall retain the Summons, a copy of the Complaint,

and a copy of this Order for future use.

(9) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the Defendant by name on whose behalf it is filed.

(13) Plaintiff shall serve upon Defendant, or if appearance has been entered by

1  counsel, upon counsel, a copy of every further pleading or other document submitted for
2  consideration by the Court.  Plaintiff shall include with the original document and copy, to
3  be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
4  the pleading or document was mailed to Defendant or counsel.  Any paper received by a
5  District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
6  may be disregarded by the Court.

7       (14) At all times during the pendency of this action, Plaintiff shall immediately advise
8  the Court and the United States Marshal of any change of address and its effective date.
9  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall
10 contain only information pertaining to the change of address and its effective date.  Plaintiff
11 shall serve a copy of the notice on all opposing parties. The notice shall not include any
12 motions for any other relief. Failure to file a Notice of Change of Address may result in the
13 dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
14 of Civil Procedure.

15      (15) A clear, legible copy of every pleading or other document filed shall accompany
16 each original pleading or other document filed with the Clerk for use by the District Judge
17 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
18 may result in the pleading or document being stricken without further notice to Plaintiff.

19      (16) This matter is referred to Magistrate Judge David K. Duncan pursuant to Local
20 Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

21      DATED this 15th day of April, 2006.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 6 -